UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

TPW MANAGEMENT, LLC          :
                             :
          Plaintiff,         :
                             :
          v.                 :     Case No. 1:15-cv-232-jgm
                             :
YELP INC.,                   :
                             :
          Defendant.         :
_____    :

RULING ON MOTION TO TRANSFER VENUE
(Doc. 36)

I.    Introduction

       Plaintiff TPW Management, LLC ("TPW") alleges Defendant Yelp Inc. ("Yelp") has

infringed its registered trademark under federal law and asserts related state law claims.  (Doc. 1

("Compl.").)  Yelp moves to change venue to the United States District Court for the Northern

District of California under 28 U.S.C. § 1404(a).  (Doc. 36).  TPW opposes the transfer.  (Doc. 46.)

Yelp filed a reply.  (Doc. 51.)  For the reasons stated below, Yelp's motion is granted.

II.   Background

       TPW commenced this trademark action on October 29, 2015, and moved for a preliminary

injunction on December 17, 2015.  (Doc. 12.)  The motion was fully briefed on February 19, 2016.

(Docs. 23, 32.)  On March 3, Yelp filed the motion to change venue (Doc. 36) as well as a motion

for leave to file a surreply to the motion for preliminary injunction (Doc. 37), which TPW moved to

strike (Doc. 42) and opposes (Doc. 43), and a motion to stay pending resolution of the motion to

change venue (Doc. 38), which TPW opposes (Doc. 44).

TPW, a Vermont limited liability company with its principal place of business in Manchester Center, Vermont, provides management, home services, vendor sourcing, rental management and sales to over 3,000 resort homeowners in fifty resort area community associations in New England. Compl. ¶ 8.  It markets its services to its customers with its registered trademark "We Know Just the Place" ("TPW Mark").  Id. ¶ 15.  Yelp is a Delaware corporation headquartered in San Francisco, California.  Id. ¶ 3; Doc. 8 ("Answer") ¶ 3.  TPW alleges Yelp, an online referral service connecting users with local service providers, filed an application to register the trademark "We Know Just the Place" in October 2015, and initiated a multi-million dollar multi-media advertising campaign for its tenth anniversary celebration featuring the phrase.  Compl. ¶¶ 31, 40, 42.  Yelp acknowledges TPW is the registrant of the TPW Mark, the registration of which is limited to "[r]eal estate services, namely vacation home rental management services."  Answer ¶ 21.

Yelp argues first that TPW should have brought this case in the Northern District of California because Yelp's terms of service include a mandatory forum selection clause requiring any claim be brought in the exclusive venue of a state or federal court in San Francisco County, California.  (Doc. 36 at 7-10.)  Secondly, it argues the traditional forum non conveniens analysis also favors transfer because the case could have been brought in the Northern District of California, "almost all the non-party witnesses would likely live and work in California," and cannot be compelled to attend trial in Vermont, and the key evidence, facts, and witnesses are in California. Id. at 10-16.

TPW argues the forum selection clause is not enforceable because Yelp did not reasonably communicate it to TPW and the terms of service do not apply for commercial purposes.  Further, it argues Yelp has failed to make a clear and convincing showing the balance of convenience strongly supports transferring the case from the chosen forum.  (Doc. 46.)

III.    Discussion

28 U.S.C. § 1404(a) provides "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  The moving party bears the burden of showing why transfer is appropriate. See Country Home Prods., Inc. v. Schiller-Pfeiffer, Inc., 350 F. Supp. 2d 561, 569 (D. Vt. 2004) (citing Ford Motor Co. v. Ryan, 182 F.2d 329, 330 (2d Cir. 1950)).  Defendant must present clear and convincing evidence that the balance of convenience favors transfer to the Northern District of California.  See Anichini v. Campbell, 2005 WL 2464191 *6 (D. Vt. 2005) (citing Tom and Sally's Handmade Chocolates, Inc. v. Gasworks, Inc., 977 F. Supp. 297, 302 (D. Vt. 1997); Factors, Etc., Inc. v. Pro Arts, Inc., 579 F.2d 215, 218 (2d Cir. 1978), abrogated on other grounds by Pirone v. MacMillan, Inc., 894 F.2d 579 (2d Cir. 1990)).  "Absent a clear and convincing showing that the balance of convenience strongly favors an alternate forum, discretionary transfers are not favored." See Tom and Sally's Handmade Chocolates, 977 F. Supp. at 302.  A mere shifting of inconveniences is not grounds for transfer.  Finkielstain v. Seidel, 692 F. Supp. 1497, 1509-10 (S.D.N.Y. 1988), aff'd in part, rev'd in part, 857 F.2d 893 (2d Cir. 1988).

When considering a motion to transfer, the Court balances a variety of factors, including: (1) convenience of the parties; (2) convenience of witnesses; (3) relative means of the parties; (4) locus of operative facts and relative ease of access to sources of proof; (5) attendance of witnesses; (6) weight accorded the plaintiff's choice of forum; (7) desirability of having the case tried by a forum familiar with the substantive law to be applied; (8) practical difficulties; and (9) how best to serve the interest of justice, based on assessment of the totality of material circumstances.  See Country Homes Prods., Inc., 350 F. Supp. 2d at 570.

A forum selection clause is presumptively enforceable if (1) reasonably communicated to the party resisting enforcement; (2) the clause is mandatory; and (3) the claims and parties are subject to

3

the clause.  Martinez v. Bloomberg LP, 740 F.3d 211, 217 (2d Cir. 2014) (citing Phillips v. Audio Active Ltd., 494 F.3d 378, 383 (2d Cir. 2007).  To overcome this presumption, a party must make a sufficiently strong showing enforcement would be unreasonable or unjust, or that the clause was invalid.  Martinez, 740 F.3d at 217; Phillips, 494 F.3d at 383-84.

Based on an evaluation of the traditional factors, the Court concludes Yelp has met its considerable burden of demonstrating the propriety of transferring this matter.  The employees and documents of Yelp are generally located in California and appear to outnumber and outweigh those of TPW.  Third parties and their employees likely to have knowledge relevant to the trademark claim are located in California, see Doc. 36-8, and witnesses that are not Yelp employees cannot be compelled to attend trial in Vermont.  See Fed. R. Civ. P. 45(e).  While Yelp is a large company, TPW also appears to have substantial means and hired counsel based in California at the outset of the suit well before the motion to transfer was filed.  See Doc. 4.

While TPW's choice of forum is deserving of some deference and the complaint raises Vermont statutory and state common law claims with which this Court is likely to be more familiar than a court in the Northern District of California, on balance, the Court determines transferring this case is warranted.  Accordingly, the Court, in its discretion, grants Yelp's motion to transfer venue.  See Klein v. Domino's Pizza, Inc., 769 F. Supp. 152 (D. Vt. 1991) (granting transfer to California, despite the Vermont plaintiff's choice of Vermont forum, alleged busy California courts, and defendant's status as a large nationwide corporation, because the defendant's fact witnesses outnumbered the plaintiff's and were mostly located in California, as were the relevant documents, and could not be compelled to attend trial).  Because transfer is warranted under the traditional analysis of 28 U.S.C. § 1404(a), the Court declines to consider Yelp's argument that the forum selection clause included in its terms of service requires transfer.

IV.     <u>Conclusion</u>

Defendant Yelp Inc.'s motion to transfer venue (Doc. 36) is GRANTED.  In light of the

Court's determination, Yelp's motions for leave to file a surreply to the motion for preliminary

injunction (Doc. 37) and to stay pending resolution of the motion to change venue (Doc. 38) are

DENIED as moot.  TPW Management, LLC's motion to strike motion to file surreply (Doc. 42) is

also DENIED as moot.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 1st day of June, 2016.


/s/ J. Garvan Murtha_____
Honorable J. Garvan Murtha
United States District Judge

5